Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
**PANEL II**

| EL PUEBLO DE PUERTO RICO<br><br>Parte Recurrida<br><br><br>v.<br><br>HÉCTOR L. VEGA RIVERA<br><br>Parte Peticionaria | TA2025CE00466 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Arecibo<br><br>Caso Núm.:<br>AR-2014CR1251-1<br>AR-2014CR1254-2<br>AR-2014CR1254-3<br>AR-2014CR1254-4<br><br>Sobre:<br>Art. 190 Enm. a Tent.<br>Art. 189 Robo<br>Art. 5.04 L.A.<br>Art. 5.15 L.A. (2C) |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, el Juez Rodríguez Flores y la Jueza Díaz Rivera.

Díaz Rivera, Jueza Ponente

**R E S O L U C I Ó N**

En San Juan, Puerto Rico, a 30 de septiembre de 2025.

Comparece ante *nos* Héctor L. Vega Rivera (Vega Rivera o peticionario), por derecho propio y quien se encuentra confinado en la Institución Bo. Guerrero en Aguadilla, PR., y nos solicita que ordenemos la desestimación de una *Sentencia* impuesta en su contra al amparo del Artículo 5.4 y 5.15 de la derogada Ley de Armas de Puerto Rico.[1]

Sin necesidad de trámite ulterior y por los fundamentos que expondremos a continuación, se *desestima* el recurso de epígrafe por falta de jurisdicción.

**I.**

Surge del expediente ante nuestra consideración que, Vega Rivera fue sentenciado bajo el Artículo 5.4 y 5.15 de la derogada Ley

---

[1] Vega Rivera comparece por derecho propio, sin embargo, no presentó la *Solicitud y Declaración Para Que Se Exima de Pago de Arancel Por Razón de Indigencia.*

de Armas de Puerto Rico. Alegó el peticionario que, dicha *Sentencia* es ilegal bajo la Segunda Enmienda de la Constitución de Estados Unidos. Sostuvo que por Puerto Rico ser un territorio de Estados Unidos, no tiene poder ni jurisdicción para imponer sentencias bajo los Artículos 5.4 y 5.15 de la derogada Ley de Armas de Puerto Rico. Así pues, solicitó la desestimación de la *Sentencia* impuesta por ser ilegal e inconstitucional.

**II.**

**A. La jurisdicción**

Como es sabido, "[la] jurisdicción es el poder o autoridad de un tribunal para considerar y decidir casos y controversias". *Municipio de Aguada v. W Construction, LLC*, 214 DPR 432 (2024). Véase, además, *RB Power, Inc. v. Junta de Subastas ASG*, 213 DPR 685 (2024); *Pueblo v. Torres Medina*, 211 DPR 950 (2023); *Cobra Acquisitions v. Mun. Yabucoa et al.*, 210 DPR 384 (2022). Así, para adjudicar un caso el tribunal debe tener tanto jurisdicción sobre la materia como sobre las partes litigiosas. *Cobra Acquisitions v. Mun. Yabucoa et al.*, *supra*, pág. 394. Por consiguiente, el primer factor a considerar en toda situación jurídica que se presente ante un foro adjudicativo es el aspecto jurisdiccional. *RB Power, Inc. v. Junta de Subastas de la ASG PR*, *supra*; *Torres Alvarado v. Maderas Atiles*, 202 DPR 495 (2019).

En ese sentido, el Tribunal Supremo de Puerto Rico ha enfatizado consistentemente que la falta de jurisdicción trae consigo las consecuencias siguientes: (1) no es susceptible de ser subsanada; (2) las partes no pueden voluntariamente conferírsela a un tribunal como tampoco puede éste arrogársela; (3) conlleva la nulidad de los dictámenes emitidos; (4) impone a los tribunales el ineludible deber de auscultar su propia jurisdicción; (5) impone a los tribunales apelativos el deber de examinar la jurisdicción del foro de donde procede el recurso, y (6) puede presentarse en cualquier

etapa del procedimiento, a instancia de las partes o por el tribunal *motu propio*. *MCS Advantage v. Fossas Blanco et al.*, 211 DPR 135 (2023). Véase, además, *Fuentes Bonilla v. ELA et al.*, 200 DPR 364 (2018); *González v. Mayagüez Resort & Casino*, 176 DPR 848 (2009).

Además, sabido es que ante la situación en la que un tribunal carece de autoridad para atender un recurso, solamente procede decretar la desestimación del caso ante su consideración. *Lozada Sánchez et al. v. JCA*, 184 DPR 898 (2011). Las cuestiones de jurisdicción por ser privilegiadas deben ser resueltas con preferencia, y de carecer un tribunal de jurisdicción lo único que puede hacer es así declararlo. *Pérez Rosa v. Morales Rosado*, 172 DPR 216 (2007). Véase, además, *Carattini v. Collazo Syst. Analysis, Inc.*, 158 DPR 345 (2003); *Autoridad Sobre Hogares de P.R. v. Sagastivelza*, 71 DPR 436 (1950). Al hacer esta determinación, debe desestimarse la reclamación sin entrar en los méritos de la controversia. *MCS Advantage v. Fossas Blanco et al.*, *supra*; *González Santos v. Bourns P.R., Inc.*, 125 DPR 48 (1989). En consecuencia, la ausencia de jurisdicción es insubsanable. *S.L.G. Solá-Moreno v. Bengoa Becerra*, 182 DPR 675 (2011); *Vázquez v. A.R.P.E.*, 128 DPR 513 (1991).

Por lo tanto, un tribunal que carece de jurisdicción únicamente tiene jurisdicción para así declararlo y desestimar el caso. *Ruiz Camilo v. Trafon Group, Inc.*, 200 DPR 254 (2018). Véase, además, *Moreno González v. Coop. Ahorro Añasco*, 177 DPR 854 (2010); *S.L.G. Szendrey-Ramos v. F. Castillo*, 169 DPR 873 (2007). A tenor con lo anterior, les corresponde a los tribunales ser los guardianes de su jurisdicción, independientemente de que la cuestión haya sido planteada anteriormente o no. *Dávila Pollock et als. v. R.F. Mortgage*, 182 DPR 86 (2011). Véase, además, *Moreno González v. Coop. Ahorro Añasco*, *supra*, pág. 859; *S.L.G. Szendrey-Ramos v. F. Castillo*, *supra*. Así pues, de un tribunal dictar sentencia

sin jurisdicción, su decreto será jurídicamente inexistente o *ultra vires*. *Municipio de Aguada v. W Construction, LLC, supra* citando a *Maldonado v. Junta Planificación*, 171 DPR 46 (2007).

Cónsono con lo anterior, la Regla 83 de nuestro Reglamento, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 115, 215 DPR __ (2025), la cual regula el desistimiento y la desestimación, nos da la facultad para desestimar por iniciativa propia un recurso de apelación o denegar la expedición de un auto discrecional, entre otras razones, por falta de jurisdicción.

### B. Perfeccionamiento del recurso de *certiorari*

El perfeccionamiento del recurso de *certiorari* está regulado en la Parte IV del Reglamento del Tribunal de Apelaciones. Específicamente, la Regla 34 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 54, 215 DPR __ (2025), dispone que:

> El escrito de *certiorari* contendrá:
>
> [...]
>
> (C) Cuerpo
>
> (1) Toda solicitud de *certiorari* contendrá numerados, en el orden aquí dispuesto, los requerimientos siguientes:
>
> (a) En la comparecencia, el nombre de las partes peticionarias.
>
> (b) Las citas de las disposiciones legales que establecen la jurisdicción y la competencia del Tribunal.
>
> (c) Una referencia a la decisión cuya revisión se solicita, la cual incluirá el nombre y el número del caso, la Región Judicial correspondiente y la Sala del Tribunal de Primera Instancia que la dictó, la fecha en que lo hizo y la fecha en que fue notificada; también, una referencia a cualquier moción, resolución u orden mediante las cuales se haya interrumpido y reanudado el término para presentar la solicitud de certiorari.
>
> La parte acreditará si, al momento de presentarse el recurso, existe algún otro recurso ante el Tribunal de Apelaciones o el Tribunal Supremo sobre el caso objeto del recurso. Además, si cualquiera de las partes, luego de la presentación del recurso, adviene en conocimiento de que se ha presentado otro recurso ante el Tribunal de Apelaciones, o el Tribunal Supremo, sobre el mismo caso, tendrá la obligación de informarlo al Tribunal de Apelaciones inmediatamente, mediante moción al respecto.
>
> (d) Una relación fiel y concisa de los hechos procesales y materiales del caso.
>
> (e) Un señalamiento breve y conciso de los errores que a juicio de la parte peticionaria cometió el Tribunal de Primera Instancia.

(f) Una discusión de los errores señalados, incluyendo las disposiciones de ley y la jurisprudencia aplicables.

(g) La súplica.

[...]

(E) Apéndice

(1) Salvo lo dispuesto en el subinciso (2) de este inciso y en la Regla 74, la solicitud incluirá un Apéndice que contendrá una copia literal de:

(a)  Las alegaciones de las partes, a saber:

      i.    en casos civiles, la demanda principal, la de coparte o de tercero y reconvención, con sus respectivas contestaciones;
      ii.    en casos criminales, la denuncia y la acusación, si la hubiere.

(b) La decisión del Tribunal de Primera Instancia cuya revisión se solicita, incluyendo las determinaciones de hechos y las conclusiones de derecho en que esté fundada, si las hubiere, y la notificación del archivo en autos de una copia de la notificación de la decisión, si la hubiere.

(c) Toda moción debidamente sellada por el Tribunal de Primera Instancia, resolución u orden necesaria para acreditar la interrupción y reanudación del término para presentar la solicitud de certiorari, y la notificación del archivo en autos de una copia de la resolución u orden.

(d) Toda resolución u orden, y toda moción o escrito de cualesquiera de las partes que forme parte del expediente original en el Tribunal de Primera Instancia, en los cuales se discuta expresamente cualquier asunto planteado en la solicitud de certiorari, o que sean relevantes a ésta.

(e) Cualquier otro documento que forme parte del expediente original en el Tribunal de Primera Instancia y que pueda ser útil al Tribunal de Apelaciones a los fines de resolver la controversia.

(2) El Tribunal de Apelaciones podrá permitir, a petición de la parte peticionaria en la solicitud de certiorari, en moción o motu proprio a la parte peticionaria, la presentación de los documentos del Apéndice a que se refiere esta regla con posterioridad a la fecha de la presentación del escrito de certiorari, dentro de un término de quince días contado a partir de la fecha de notificación de la resolución del tribunal que autoriza la presentación de los documentos.

El Tribunal Supremo de Puerto Rico señaló en *Morán v. Martí,* 165 DPR 365 (2005), la necesidad de discutir y fundamentar los errores que se imputan al foro de instancia. Allí explicó que el promovente del recurso tiene la obligación de poner en posición al foro apelativo de aquilatar y jurisprudenciar el error señalado. Así pues, nuestro máximo Foro reconoció que "solamente mediante un señalamiento de error y una discusión, fundamentada, con referencia a los hechos y a las fuentes de derecho en que se sustenta, podrá el foro apelativo estar en posición de atender los reclamos que

le plantean". Además, señaló como más importante que "el craso incumplimiento con estos requisitos impide que el recurso se perfeccione adecuadamente privando de jurisdicción al foro apelativo". *Íd.*

Así, toda la reglamentación aplicable a los diversos recursos apelativos requiere que el escrito contenga un señalamiento breve y conciso de los errores que a juicio del promovente cometió el foro recurrido. H. Sánchez Martínez, *Práctica Jurídica de PR, Derecho Procesal Apelativo,* Ed. LexisNexis de PR Inc., Hato Rey, PR, (2001), pág. 294. El cumplimiento de esa exigencia es importante porque el tribunal apelativo está obligado a considerar solamente los errores que el promovente señaló específicamente. *Íd.* No obstante, esa omisión no es fatal, si el litigante de facto alude de otro modo al error contenido y lo discute en su alegato. *Íd.*

### C. Incumplimiento con el Reglamento del Tribunal de Apelaciones

La Regla 83 (C) del Reglamento del Tribunal de Apelaciones, *supra,* dispone que este foro podrá *motu proprio,* en cualquier momento, desestimar un recurso porque: (1) no tiene jurisdicción; (2) se presentó fuera del término establecido en ley y sin justa causa; (3) no se presentó con diligencia o buena fe; (4) es frívolo y surge claramente la falta de una controversia sustancial; (5) es académico.

Las partes deben observar rigurosamente las disposiciones reglamentarias para el perfeccionamiento de los recursos ante los foros apelativos. *M-Care Coumpounding et al v. Dpto. de Salud,* 186 DPR 159 (2012); *Pueblo v. Rivera Toro,* 173 DPR 137 (2008). Así pues, la aplicación flexible del reglamento solo procede en situaciones muy particulares, en las cuales tal flexibilidad está plenamente justificada. El Tribunal Supremo de Puerto Rico reconoció que el reglamento debía aplicarse flexiblemente, cuando

se incumple con un requisito de forma de menor importancia. *Arriaga v. FSE,* 145 DPR 122 (1998).

Asimismo, en *Febles v. Romar,* 159 DPR 714 (2003), el Tribunal Supremo de Puerto Rico advirtió que "el hecho de que las partes comparezcan por derecho propio, por sí solo, no justifica que incumplan con las reglas procesales".

**III.**

En el caso ante *nos*, el recurso de *certiorari* presentado por Vega Rivera no es revisable. La parte peticionaria incumplió sustancialmente con los requisitos reglamentarios para su perfeccionamiento, necesarios para que podamos asumir jurisdicción y atenderlo. Es decir, la parte peticionaria incumplió con el Reglamento del Tribunal de Apelaciones, al no incluir los señalamientos de error imputados al Tribunal de Primera Instancia. Tal omisión, imposibilita que podamos aquilatar de forma adecuada la determinación de ese foro.

Tampoco surge del recurso de *certiorari*, cual es la decisión cuya revisión se solicita y no se incluyó una relación fiel y concisa de los hechos procesales y materiales del caso. Asimismo, el peticionario omitió hacer una referencia clara a la ley y la jurisprudencia aplicable en la que está fundamentada su solicitud de *certiorari*. Además, Vega Rivera no incluyó una discusión basada en fundamentos de hecho y derecho cuestionando la decisión del foro *a quo*.

Por último, no se incluyó en el apéndice ningún documento ni tan siquiera la *Sentencia* o *Resolución* de la cual se recurre, que nos permita determinar, en primer lugar, si ostentamos jurisdicción para atender el recurso. Esto, máxime cuando el recurso de *certiorari* fue entregado en la institución penal el 25 de mayo de 2025 y recibido en la Secretaría de este Tribunal el 12 de septiembre de

2025. Por tal razón, estamos imposibilitados de atender su reclamación.

Como indicamos, la ausencia de señalamientos de error y de una discusión basada en fundamentos de hecho y de derecho, junto a la falta de documentos, nos privan de jurisdicción para atender el recurso. Por consiguiente, ante tales incumplimientos, procede la desestimación del recurso de epígrafe por falta de jurisdicción.

**IV.**

Por los fundamentos antes expuestos, *desestimamos* el recurso de *certiorari* por falta de jurisdicción.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones